UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

          v.                         Case No. 12-cv-40054-JPG

CHARLES J. BRIMM,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Charles J. Brimm's *pro se* motion seeking dismissal of the indictment on the grounds that he was not taken before a magistrate judge without unnecessary delay after his arrest (Doc. 35). He alleges he was served with an arrest warrant on May 25, 2012, but was not brought before a magistrate judge until June 11, 2012. He believes this violates Federal Rule of Criminal Procedure 5(a)(1), the Fifth Amendment Due Process Clause and the Sixth Amendment right to counsel.

Since Brimm filed his motion, he has been appointed counsel. A defendant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The Court may strike as improper any such *pro se* motions. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).

The Court declines to strike Brimm's motion in light of the fact that he filed it before counsel was appointed. However, consistent with the principle of not allowing hybrid

representation, the Court deems it advisable for Brimm's counsel to review the *pro se* motion and decide, in light of the relevant law, whether to adopt or withdraw it.  Accordingly, the Court **DIRECTS** Brimm's counsel to file on or before July 20, 2012, either (1) a motion to withdraw the motion to dismiss or (2) a notice indicating counsel believes the motion has merit and should be heard by the Court.  If counsel does not ask to withdraw the motion to dismiss, the Court will allow the Government a reasonable opportunity to respond to the motion.

Pursuant to 18 U.S.C. § 3161(h)(1)(D), the Court finds that the period during which Brimm's motion to dismiss is pending is **EXCLUDABLE** under the Speedy Trial Act

**IT IS SO ORDERED.**
**DATED: July 10, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**